Texas, Sabine Valley & Northwestern Railway Company et al v. W. Reid.

Decided March 15, 1905.

**1.—Contract of Sale—Charge—Harmless Error.**

Where, in an action for the value of coal sold under contract, the evidence conclusively showed that the minds of the parties met, and agreed upon the terms of sale, a charge authorizing recovery of the market value if the jury found that the minds of the parties did not meet on the price, was harmless error as to the defendants.

**2.—Same.**

So, the undisputed evidence showing that the sale was of a particular class of coal, and the plaintiff furnished the class agreed upon, a charge submitting the issue whether or not the coal was of an inferior quality, with instructions as to the measure of recovery in such case, was harmless error as to the defendants.

*Young & Stinchcomb,* for appellants.

*Gaines B. Turner,* for appellee.

NEILL, Associate Justice.—The appellee, plaintiff below, sued appellants, defendants below, on two separate demands. The first is on an open account for $1,258.60 for coal sold by appellee, on divers days specified in the account, to appellants at an agreed price of $2.05 per ton. The second is for damages for the breach of an express contract alleged to have been made between the parties in June, 1902, whereby appellants obligated themselves to purchase from appellee all the coal that either of the two companies might use in operating their roads from June 1, 1902, to June, 1, 1903.

The defenses plead are substantially; that under the express con-

tract upon which appellee based his damages he was to furnish the coal f. o. b. at their railways for $3.50 per ton, with a rebate of 50 cents on each ton, and that appellee failed to perform this contract, in that he did not furnish the necessary amount of coal; that 286 tons furnished was worthless, and in refusing to allow the rebate stipulated for. Wherefore they prayed damages for the alleged breach on the part of the plaintiff of the contract.

The plaintiff by supplemental petition denied the allegations in defendants' answer setting up a breach on his part of the contract, and plead that the alleged rebate of 50 cents per ton was void as against public policy, and that the original contract calling for the rebate had been rescinded and a new contract entered into between the parties, whereby defendants agreed to pay $2.05 per ton for Texas coal, loaded on the cars at the mines at Strawn, Texas.

By supplemental answer the appellants plead that the coal furnished by appellee at Strawn, which is embraced in the account sued on, was furnished under the original contract with the understanding that they were to have a rebate of 50 cents per ton.

The case was tried before a jury who returned a verdict in favor of plaintiff for $1,205.80, upon which the judgment appealed from was entered.

*Conclusions of Fact.*—The evidence conclusively shows that there was a verbal contract between appellants and appellee, such as is described in the formers' answer and in the latter's petition; that the coal contemplated by such contract was called Steam Lump, Hartford, Arkansas, coal; that after appellee furnished appellants a number of tons of such coal in accordance with the contract appellants, ascertaining that the coal was too fine, i. e., the lumps too small to be used in the grates of their engines, refused to take any more of such coal from appellee under the contract; and it was thereafter agreed between the parties that appellee was to furnish appellants Texas Lump coal at Strawn, Texas, at $2.05 per ton. It is clear from the undisputed evidence that no rebate, such as was agreed upon in the first contract, or any deduction of any kind was to be made by appellee on the Texas Lump coal furnished by him to appellants at Strawn, the contract being separate and distinct from the one in relation to the Steam Lump coal of Hartford, Arkansas, which contract was virtually abandoned by the parties, when it was agreed that the Texas Lump coal should be furnished at Strawn at $2.05 per ton. And the evidence conclusively shows that the amount found by the jury was due appellee for coal furnished under the last contract, mentioned in the account sued on.

*Conclusions of Law.*—Our conclusions of fact render it unnecessary for us to pass upon the cross-assignments of appellee, as it appears from his brief and argument on file in the case that he will be satisfied with an affirmance of the judgment without damages on account of appellant's alleged breach of the first contract.

1. It is equally apparent from our conclusions of fact that, while the portion of the court's charge complained of in appellants' first

assignment of error was error, such error in no way prejudiced appellants. For as the evidence shows beyond a peradventure of a doubt that the minds of the parties met and agreed upon the terms upon which the Texas Lump coal was to be furnished at Strawn, appellants could not have been injured by the court's instructing the jury that "if they should find that the minds of the parties did not meet on the price to be paid, and that all former agreements had been rescinded between the parties, not to regard the price of $2.05 as fixed, but to find from the evidence the reasonable market value in reasonable quantities of the coal so delivered and to return a verdict for the plaintiff for the amount they might so find."

2. If it was error for the court to instruct the jury "that if plaintiff agreed to furnish defendant companies with coal of a certain class and if they further find that the coal as furnished from Arkansas was not of that class but inferior to that agreed upon, then plaintiff would be liable to defendants for the difference between the market value of the class of coal so furnished in reasonable quantities and the market value in reasonable quantities of the class of coal so agreed to be furnished, to so find and return a verdict for defendant companies for that amount," such error was favorable to appellants, for the undisputed evidence shows that the coal furnished them by appellee from Arkansas was of the class agreed upon between the parties. If, as contended by appellants, 286 tons of it was worthless, it is not appellee's fault, for it was the kind of coal appellants contracted for. The fact that it was worthless to appellants because the grates of their engines were so constructed as not to hold it, was their lookout, and they should not have made the contract and have received the coal unless they intended to pay for it.

These conclusions of law, together with our conclusions of fact, dispose of the remaining assignments adversely to appellants; and there being no error assigned of which they have any right to complain, the judgment of the District Court is affirmed.

*Affirmed.*

Writ of error refused.